UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAQUAN L. MALDONADO, | Case No.  15-cv-03002-EMC |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| SCOTT FRAUENHEIM, | Docket No. 6 |
| Defendant. | |

## I.    INTRODUCTION

Taquan Maldonado, an inmate at the Pleasant Valley State Prison in Coalinga, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court dismissed the petition with leave to amend, and Mr. Maldonado filed an amended petition.  His amended petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.    BACKGROUND

Mr. Maldonado was convicted in Alameda County Superior Court of first degree murder and was found to have personally used a deadly and dangerous weapon.  On February 24, 2012, he was sentenced to 26 years to life in prison.

Mr. Maldonado appealed.  The California Court of Appeal affirmed the judgment of conviction and the California Supreme Court denied his petition for review in 2014.  He also filed a petition for writ of habeas corpus in the California Supreme Court that was denied in 2015.  He then filed this action.

## III.    DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

1 custody pursuant to the judgment of a State court only on the ground that he is in custody in

2 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A

3 district court considering an application for a writ of habeas corpus shall "award the writ or issue

4 an order directing the respondent to show cause why the writ should not be granted, unless it

5 appears from the application that the applicant or person detained is not entitled thereto."  28

6 U.S.C. § 2243.

7 　　　The amended petition for writ of habeas corpus alleges the following claims:  First, Mr.

8 Maldonado's right to due process was violated because the evidence was insufficient to support

9 the first degree murder conviction.  Docket No. 6 at 6-13.[1]  Second, Mr. Maldonado received

10 ineffective assistance of counsel in that counsel provided an inadequate closing argument, *id.*at 22;

11 misstated the law during closing argument, *id.* at 34; failed to object to the prosecutor's

12 misstatement of the law, *id.* at 38; failed to request certain jury instructions, *id.*at 42; failed to

13 object that California Evidence Code § 1109 does not establish a hearsay exception, Docket No. 6

14 at 48, and failed to ask Mr. Maldonado if he wanted to testify, *id.* at 18-20.  Third, Mr.

15 Maldonado's right to due process was violated because the prosecutor engaged in misconduct in

16 that he told the jury that the jury could use Mr. Maldonado's prior acts of domestic violence to

17 show his intent in this case and misstated the law of heat of passion.  *Id.*at 9, 38.  Fourth, the

18 admission of evidence of prior acts of domestic violence and other bad acts violated Mr.

19 Maldonado's right to due process.  *Id.*at 48.  Fifth, Mr. Maldonado claims that the trial "court

20 abused its discretion by refusing to instruct the jury on voluntary intoxication," *id.* at 14, and states

21 that this violated his rights under the Sixth and Fourteenth Amendments, *id.* at 17 (unnumbered

22 footnote).   Sixth, the cumulative effect of the foregoing errors warrants habeas relief.  *Id.* at 53.

23 Seventh, Mr. Maldonado received ineffective assistance of appellate counsel because appellate

24 counsel failed to raise the foregoing claims that were not raised on direct appeal.  Liberally

25 _____

26 [1] Mr. Maldonado also argues that he was too intoxicated to form the mental state necessary for first degree murder (Docket No. 6 at 10-13), and contends that this "is a subissue of Claim 1."  *Id.*

27 at 13.  The argument will be considered as part of his challenge to the sufficiency of the evidence urged in Claim 1, but the argument does not otherwise state a claim upon which habeas relief may

28 be granted.

construed, the claims appear to be cognizable in habeas and warrant a response.

### IV.   <u>CONCLUSION</u>

For the foregoing reasons,

1.      The amended petition warrants a response.

2.      The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.

3.      Respondent must file and serve upon Petitioner, on or before **June 10, 2016**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **July 8, 2016**.

5.      Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6.      Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.


**IT IS SO ORDERED**.


Dated: April 7, 2016

_____
EDWARD M. CHEN
United States District Judge